## Sarah O'Connell, Plaintiff in Error, v. Chris Bunn et al., Defendants in Error.

1. INTOXICATING LIQUORS, § 249*—*when instruction improper.* In a suit by a widow for the loss of her means of support by reason of the sale of intoxicating liquors to her minor son, the giving of an instruction that under the laws of this State the conducting of a legally licensed dramshop is in all respects legitimate, *held* error.

2. INTOXICATING LIQUORS, § 249*—*when instruction erroneous.* In a suit by a widow for the loss of support resulting from the sale of intoxicating liquor to her minor son, an instruction telling the jury that if they believe from the evidence that plaintiff during the time covered by the declaration received a sufficient sum of money from any of her other children which together with that received from her son was sufficient to and did support her in manner suitable to her condition in life they should find defendants not guilty, *held* erroneous as not properly stating the law.

3. INTOXICATING LIQUORS, § 249*—*when instruction erroneous.* In a suit by a widow for the loss of her means of support on account of the sale of liquor to her minor son, an instruction to the effect that if the plaintiff knowingly permitted the son to collect his wages himself and use the same as he saw fit she cannot recover for the wages spent by her son by reason of intoxication, etc., *held* erroneous as falsely assuming that plaintiff was attempting to recover her son's wages.

Error to the Circuit Court of Macoupin county; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the April term, 1914. Reversed and remanded. Opinion filed October 16, 1914.

J. B. SEARCY and F. M. GUINN, for plaintiff in error.

EDWARD C. KNOTTS, W. H. NELMS and F. P. DRENNAN, for defendants in error.

MR. JUSTICE SCHOLFIELD delivered the opinion of the court.

This was an action on the case under the dramshop law, brought by plaintiff in error against defendants

*See *Illinois Notes Digest,* Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

in error, to recover damages for an alleged injury to her means of support by reason of the intoxication of her minor son, William O'Connell, caused by the sale to him of intoxicating liquors by the defendants in error. The case was tried by a jury. The jury returned a verdict finding the defendants not guilty. A motion for a new trial was made and overruled and judgment entered on the verdict for the defendants, to reverse which this writ of error is prosecuted.

The declaration charges that plaintiff is a widow and is the mother of one William O'Connell, a minor son of seventeen years, with whom she resides, and on whom she has been dependent for a support and maintenance; avers that on to wit, the first day of February, 1909, the said defendants sold and gave intoxicating liquors to the said William O'Connell which caused him to become intoxicated, and that on divers other days and times after that date the said defendants continued to sell and give to him intoxicating liquors which caused him to become habitually intoxicated from said first day of December, 1911, until the bringing of this suit; that whilst so intoxicated, and in consequence thereof, he spent and squandered his money and earnings for intoxicating liquors, bought of and from said defendants, and failed and neglected in consequence of his said intoxication to turn over his earnings to plaintiff which was his duty to do, and as he would have done except for said intoxication; and that as a result plaintiff was injured and damaged in her means of support.

The evidence showed that said William O'Connell worked in the mines and generally brought part of his pay home and gave it to plaintiff in error, and that plaintiff in error had another son and a daughter who also gave her a part of their wages; soon after said William O'Connell began to work in the mines he would get intoxicated nearly every pay day, and would spend all his money; that he was a customer of the saloon of the defendants, and that his habits of

intoxication were well known. The evidence also showed that on December 24, 1912, he became intoxicated and got into a fight and received personal injuries which laid him up about two or three weeks. On December 24, 1908, the plaintiff in error gave the Superior Coal Company an order in writing to pay her sons Thomas and William O'Connell all wages earned by them from such company while in its employ.

Among the instructions given for the defendants were the following: ·

"No. 2. The court instructs the jury that you should not permit yourselves to be influenced in the slightest degree in favor of the plaintiff in this case or against the defendants, because of the fact that the defendants were engaged in the saloon or dramshop business in Macoupin county, Illinois, if you believe from the evidence they were so engaged; that under the law of this State the conducting of a legally licensed dramshop is in all respects legitimate, and the defendants and each of them are entitled to the same fair unbiased consideration at your hands as if they were engaged in any other business."

"No. 8. The court instructs the jury that even though the jury may believe from a preponderance of the evidence that the defendants sold or gave intoxicating liquors to William O'Connell, and that the said intoxicating liquors materially assisted in causing said William O'Connell to be and become habitually intoxicated, and that by reason of said habitual intoxication said William O'Connell wasted and squandered his wages and lost time from his work, yet if the jury further believe from the evidence that the plaintiff during the time by the declaration covered, received a sufficient sum of money from any of her other children which, together with what she did receive from her son, William O'Connell, was sufficient to and did support and maintain the plaintiff in a manner suitable to her condition in life, the jury will find the defendants not guilty."

"No. 13. The court instructs the jury that even though the jury may believe from a preponderance

of the evidence that the plaintiff during the period covered by the declaration was entitled to the wages of her son, William O'Connell; yet if the jury further believe from the evidence that the plaintiff knowingly permitted her said son to collect his wages himself, and use such wages as he saw fit, the same as an adult, then and in that event the plaintiff cannot recover for the wages so collected by her authority, and spent by her son by reason of intoxication, habitual or otherwise, if such is shown by the evidence.''

Instruction No. 2 should not have been given: ''That under the law of this State the conducting of a legally licensed dramshop is in all respects legitimate, is a matter which the jury had no right to take into consideration in their deliberation. The business is a recognized subject for regulations by the police power of the State. *Horan v. Cooke Brewing Co.,* 178 Ill. App. 653. The eighth instruction informs the jury that if they believe from the evidence that the plaintiff during the time covered by the declaration received a sufficient sum of money from any of her other children which, together with what she received from her son, William O'Connell, was sufficient to and did support her in manner suitable to her condition in life, they should find the defendants not guilty. The test is, was the plaintiff injured in her means of support by reason of sales of liquor to her minor son? The fact that she received support from her other children would make no difference. She was entitled to the support of her minor son, and anything that diminished it affected her means of support. The thirteenth instruction is faulty in that it overlooks the issue. The cause of action in the declaration is that the defendants sold intoxicating liquors to her minor son and caused him to become habitually intoxicated and that by reason thereof he lost time and squandered his money and that plaintiff was deprived of his earnings. The instruction falsely assumes that plaintiff is attempting to recover his wages. Complaint is also made of the

refusing of certain instructions for the plaintiff. While we think they should have been given they were covered by other instructions given for her. For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*